UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 21-8556-JLS (KS) | Date: November 2, 2021 |
| Title *Andre Will Sanchez v. B. Cates, Warden* | |

Present: The Honorable: Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner: None     Attorneys Present for Respondent: None

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

**I.     The Petition and Prior Proceedings**

On October 28, 2021, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.) On July 2, 2014, Petitioner was convicted by a Ventura County Superior Court jury of four counts of commission of a lewd act upon a child, and two counts of commission of aggravated sexual assault upon a child. (Dkt. No. 1 at 2[1]); *see also People v. Sanchez*, No. B259082, 2016 WL 270367, at *1 (Cal. Ct. App. 2016). The jury also found true allegations that Petitioner engaged in substantial sexual conduct with victims under the ages of 11 or 14 years, and that he committed sexual offenses against multiple victims. *People v. Sanchez*, 2016 WL 270367, at *1. On August 6, 2014, the trial court sentenced Petitioner to a term of 55 years to life in state prison. (Dkt. No. 1 at 2); *People v. Sanchez*, 2016 WL 270367, at *2.

Petitioner appealed the judgment of conviction to the California Court of Appeal, Second Appellate District, Division Six, and that court denied his claims on the merits and affirmed the judgment on January 21, 2016. (Dkt. No. 1 at 3); *People v. Sanchez*, 2016 WL 270367. The California Supreme Court denied review of the appellate court's decision on March 30, 2016. (Dkt. No. 1 at 3; State Court Appellate Records *available at* https://appellatecases.courtinfo.ca.gov (last visited Nov. 2, 2021).[2])

---

[1]     The Court's page citations refer to the numbering provided by the Court's CM-ECF electronic filing system at the top right corner of each page.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 21-8556-JLS (KS)                                         Date: November 2, 2021

Title   *Andre Will Sanchez v. B. Cates, Warden*

     Additionally, Petitioner filed three state habeas petitions in 2021: one in the Ventura County Superior Court (filed on Apr. 28, 2021; denied on Apr. 30, 2021) (case no. 2012018177); one in the California Court of Appeal (filed on May 7, 2021; denied on June 7, 2021) (case no. B312751); and one in the California Supreme Court (filed on June 21, 2021; denied on Oct. 13, 2021) (case no. S269440).  (Dkt. No. 1 at 3-5); *cases also available at* https://appellatecases.courtinfo.ca.gov (last visited Nov. 2, 2021).

     The Petition asserts two claims for relief. Petitioner contends: (1) the Ventura County Superior Court lacked subject matter jurisdiction over his case because the charges were brought after the expiration of the applicable statute of limitations; and (2) Petitioner's trial counsel was constitutionally ineffective for failing to consult with a medical expert to refute the prosecution's evidence.  (Dkt. No. 1 at 5-6, 9-10.)

**II.     Habeas Rule 4**

     Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions.  *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  However, a district court's use of this summary dismissal power is not without limits.  *Id.* at 1128.  To the contrary, a habeas court must give a petitioner notice of the defect and the consequences for failing to correct it, as well as an opportunity to respond to the argument for dismissal.  *Id.*  Accordingly, **by this Order, the Court notifies Petitioner that the Petition is subject to dismissal because it is facially untimely.**

**III.    The Petition is Facially Untimely**

     Based upon the background facts articulated above, the Petition is subject to summary dismissal because it is untimely.  The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this action, establishes a one-year statute of limitations for state

---

[2]    Federal courts may take judicial notice of relevant state court records in federal habeas proceedings.  *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Williams v. Jacquez*, No. CV 09-2703 DSF (DTB). 2010 WL 1329585, at *2 (C.D. Cal. Feb. 22, 2010) (taking judicial notice in § 2254 habeas case of California state court appellate records).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-8556-JLS (KS)                                               Date: November 2, 2021

Title   _Andre Will Sanchez v. B. Cates, Warden_

prisoners to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The "statutory purpose" of the one-year limitations period is to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." _Carey v. Saffold_, 536 U.S. 214, 226 (2002). The one-year limitations period is subject to a statutory tolling provision, which suspends it for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); _Patterson v. Stewart_, 251 F.3d 1243, 1247 (9th Cir. 2001). Additionally, in certain "extraordinary circumstances" beyond a prisoner's control, equitable tolling may be available to toll the one-year limitations period. _See Holland v. Florida_, 560 U.S. 631, 645, 649 (2010).

The Section 2244(d)(1) limitations period is triggered and begins to run from the latest of:

(A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed;
(C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or
(D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Here, the only applicable subsection based on the face of the Petition and attached exhibits is 2244(d)(1)(A). Under that provision, the state court's judgment of conviction became final on June 28, 2016, i.e., 90 days after the California Supreme Court's March 30, 2016 denial of the petition for review on direct appeal. _See Bowen v. Roe_, 188 F.3d 1157, 1158-59 (1999) ("[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the [90-day] period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition."). Thus, absent tolling, the AEDPA statute of limitations expired one year later, on June 28, 2017. See 28 U.S.C. § 2241(d)(1)(A); _Patterson v. Stewart_, 251 F.3d 1243, 1246 (9th Cir. 2001). However, Petitioner did not commence the pending federal habeas action until October 2021. Consequently, it appears the Petition is facially untimely by several years and subject to dismissal. _See_ Habeas Rule 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-8556-JLS (KS)                                         Date: November 2, 2021

Title   *Andre Will Sanchez v. B. Cates, Warden*

     Further, the Petition does not allege, much less establish, that Petitioner is entitled to an alternative commencement date for the statute of limitations or that he is entitled to statutory or equitable tolling.  Notably, Petitioner did not file his first state habeas petition at any level of the state courts until 2021, several years after AEDPA's one-year statute of limitations had lapsed.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *see also Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("Because [the petitioner] did not file his first state petition until after his eligibility for federal habeas [relief] had already lapsed, statutory tolling cannot save his claim . . . .").

     In sum, Petitioner has not – and most likely cannot – demonstrate sufficient statutory and/or equitable tolling to extend his deadline for filing the instant Petition.  Accordingly, the Petition is untimely, rendering this action subject to dismissal under Habeas Rule 4.

**IV.**    **Conclusion and Order**

     The Court's review of the Petition, the attached exhibits, and available state court records establishes that Petitioner is not entitled to relief because the Petition is untimely, which subjects the Petition to summary dismissal under Habeas Rule 4.  Nevertheless, in the interests of justice, the Court grants Petitioner the opportunity to show his Petition is, in fact, timely by filing a First Amended Petition that establishes timeliness.

     **IT IS THEREFORE ORDERED that, to discharge this Order and avoid dismissal, Petitioner, no later than NOVEMBER 23, 2021, shall file a First Amended Petition that does all of the following:**

    **(1) Clearly identifies the state court judgment or proceeding that Petitioner is challenging;**
    **(2) Clearly identifies the date on which the statute of limitations began to run on Petitioner's claim;**
    **(3) Establishes one or both of the following:**
        **a. Petitioner is entitled to statutory tolling due to the number and timing of his state habeas petitions attacking the relevant conviction or sentence; and/or**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-8556-JLS (KS)                                         Date: November 2, 2021

Title    *Andre Will Sanchez v. B. Cates, Warden*

  **b. Petitioner diligently pursued the instant habeas claims <u>but extraordinary circumstances beyond his control</u> prevented Petitioner from filling the Petition for many years.**

  Alternatively, Petitioner may file a signed document entitled "Notice of Voluntary Dismissal" if he no longer wishes to proceed with this action.

  The Clerk is directed to send Petitioner a copy of the Central District's form habeas petition.

  **IT IS SO ORDERED.**

                                    :

                           **Initials of Preparer**  gr